IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REBECCA MUSSER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CAUSE NO. _____ |
| PAUL QUINN COLLEGE, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Rebecca Musser files this Original Complaint against Paul Quinn College for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I.   PARTIES, JURISDICTION AND VENUE

1. Plaintiff Rebecca Musser ("Plaintiff" or "Musser") is currently a citizen and resident of the State of Texas.

2. Defendant Paul Quinn College ("Defendant" or "Paul Quinn") is a private university authorized to do business, and is doing business, in the State of Texas. Defendant's main campus is in Dallas, Texas, and it can be served by and through its registered agent for service, John Evan Richards, at 6060 North Central Expressway, Suite 560, Dallas, Texas 75206.

3. Since this is a retaliation claim under the False Claims Act, 30 U.S.C. §§3730(h), ("FCA"), this court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391, and 30 U.S.C. §§3730(h)(2).

_____
PLAINTIFF'S ORIGINAL COMPLAINT                                          PAGE 1

## II.     FACTUAL BACKGROUND

4.      Musser was formerly employed by Paul Quinn as its Controller.  During her employment Musser found out that Paul Quinn – through its Chief Operating Officer – was engaging in fraud and dishonesty with respect to receiving certain federal funds.  As a result, on or about November 17, 2011, Musser sent a detailed letter to the President of Paul Quinn informing him about this "significant fraud and dishonesty," including "intentional misrepresentations to the federal government in securing . . . grant funds" that Musser believed violated "the False Claims Act."  Musser also reported other violations of federal and state law.  Thereafter, that letter was sent to Paul Quinn's Board of Directors.

5.      On or about November 20, 2011, the Office of the President of Paul Quinn College sent a memorandum to Musser, informing here that they had received her letter "in which you make a series of allegations and complaints against" the Chief Operating Officer.  The letter went on to state that, "[W]hile Paul Quinn College investigates these charges, per the advice of the Chairman of the Board of Trustees and the College's legal counsel, you and the accused with both be placed on administrative leave with pay and have your access to the network suspended."  Immediately thereafter, Musser was officially placed on administrative leave.

6.      Many months went by with no information being provided by Paul Quinn to Musser about the status of the investigation.  The Chief Operating Officer even attempted to sue Musser for reporting his actions, but that ultimately lead to countersuit and the Chief Operating Officer paying Musser in resolution of matter.  Throughout all this Paul Quinn remained silent about Musser's future employment status.

7. On or about August 19, 2014, Paul Quinn sent Musser a letter saying it had "reorganized" her position and that she was being terminated from her employment at Paul Quinn effective August 31, 2014. But for Plaintiff having engaged in protected activity by reporting Pail Quinn's violations of federal law, (specifically those matters involving the use/misuse of federal funds by Paul Quinn's Chief Operating Officer), Plaintiff would not have been terminated by Paul Quinn.

### III. CAUSE OF ACTION

VIOLATION OF FALSE CLAIMS ACT - RETALIATION

8. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 7 as if fully stated herein.

9. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the FCA.

10. Plaintiff is an employee under 31 U.S. §3730(h).

11. Defendant is an employer under 31 U.S. § 3730(h).

12. As an employee for Paul Quinn, Plaintiff is protected from being "discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment" for engaging in protected activity under the FCA, including "efforts to stop 1 or more violations" believed to violate the FCA.

13. As described above, Defendant intentionally and willfully violated the FCA by discriminating against Plaintiff because of her engagement in protected activity under the FCA.

14. As a result of Defendant's violations of the FCA, Plaintiff has suffered actual damages in the form of lost wages and benefits, (past and future), mental trauma, loss of enjoyment of life, and other recoverable damages.

15. As a result of these willful violations of the FCA by Defendant, Plaintiff requests that she be awarded all damages, to which she is entitled, including any equitable and/or injunctive relief, liquidated damages, attorney fees and costs.

## IV. JURY DEMAND

Plaintiff requests trial by jury on all claims.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for actual damages, including lost wages and benefits (both back pay and front pay if deemed appropriate), with interest;

b. Judgment against Defendant for special damages in the maximum amount allowed by law;

c. Judgment against Defendant for twice the amount of back pay or liquidated damages in the maximum amount allowed by law;

d. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the FCA;

e. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

f. Litigation Costs and reasonable attorney's fees;

g. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

___

PLAINTIFF'S ORIGINAL COMPLAINT                                                                 PAGE 4

                      Respectfully submitted by:

                      **/s/ Robert (Bobby) Lee**
                      **Robert (Bobby) Lee**
                      Texas Bar No. 00787888
                      **Megan Dixon**
                      Texas Bar No. 24079901
                      **Lee & Braziel, LLP**
                      1801 N. Lamar Street, Suite 325
                      Dallas, Texas 75202
                      Telephone:  (214) 749-1400
                      Facsimile:  (214) 749-1010
                      **ATTORNEYS FOR PLAINTIFF**