UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REBECCA MUSSER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:17-CV-02166-C |
| PAUL QUINN COLLEGE, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Paul Quinn College ("Defendant") files its Original Answer to Plaintiff's Original Complaint ("the Complaint") and states as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Defendant is without information sufficient to form a belief regarding the truth of whether Plaintiff is currently a citizen and resident of the State of Texas.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the Court has jurisdiction over this matter, and that venue exists in the Northern District of Texas.

### II. FACTUAL BACKGROUND

4. Defendant admits that it formerly employed Musser as its Controller. Defendant denies that it or its Chief Operating Officer were engaging in fraud and/or dishonesty with respect to receiving certain funds. Defendant admits that on or about November 18, 2011, Musser submitted a memo to Defendant's President regarding unsubstantiated complaints, including, without limitation, about grant funds, and that the memo was provided to Defendant's Board of Directors. Defendant denies any remaining allegations in Paragraph 4 of the Complaint.

5. Defendant admits that on November 20, 2011, Paul Quinn's President sent Plaintiff a memo informing her of receipt of Plaintiff's November 18, 2011 memo which included allegations and complaints against Antwane Owens, and admits the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits that due to the nature of the allegations asserted by Plaintiff, Defendant conducted a lengthy investigation, and admits that Antwane Owens filed a lawsuit against Plaintiff. Defendant is without information sufficient to admit or deny the allegations related to the outcome of that lawsuit, and denies any further, remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits that on or about August 19, 2014, it sent Musser a letter advising that her paid leave had officially ended, effective immediately, and that the business office had been reorganized resulting in the elimination of Plaintiff's position. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

### III.   CAUSE OF ACTION

### VIOLATION OF THE FALSE CLAIMS ACT-RETALIATION

8. Defendant realleges and incorporates the responses contained in Paragraphs 1-7 above.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant admits that the False Claims Act protects qualified employees from retaliation. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff seeks an award of damages for alleged, willful violations of the FCA, but denies she is entitled to damages of any kind or nature.

16. Any allegations not specifically admitted herein are denied.

## IV.   JURY DEMAND

Defendant admits Plaintiff has requested a jury.

## V.   PRAYER FOR RELIEF

Defendant admits that Plaintiff seeks various types of relief, but denies she is entitled to any of the relief requested in V(a)-(g).

## DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

Without conceding it has the burden of proof on any defense, Defendant asserts the following defenses, including affirmative defenses:

1. Plaintiff has failed to mitigate damages, if any.

2. To the extent applicable, Defendant pleads an offset.

3. Any actions taken by Defendant with respect to Plaintiff were taken in good faith and based on reasonable factors, other than those prohibited by law, and would have been taken regardless of any protected activity in which Plaintiff allegedly engaged.

4. Plaintiff's damages, if any, are barred in whole or in part by the doctrine of after-acquired evidence.

5. Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

6. All employment decisions regarding or affecting Plaintiff were based on legitimate, non-retaliatory and reasonable business reasons that were in no way related to Plaintiff's alleged, protected activity.

7. Defendant reserves the right to assert additional affirmative defenses and defenses as they may appear applicable during this litigation.

Respectfully submitted,

**LILLARD WISE SZYGENDA PLLC**

By:   /s/ *Alicia Sienne Voltmer*
      Alicia Sienne Voltmer
      Attorney-in-Charge
      Texas Bar No. 00797605
      avoltmer@lwsattorneys.com
      Andrew J. Szygenda
      Texas Bar No. 24033251
      aszygenda@lwsattorneys.com

13760 Noel Rd., Suite 1150
Dallas, Texas 75240
214 • 739 • 2000  Telephone
214 • 739 • 2010  Fax

**ATTORNEYS FOR DEFENDANT
PAUL QUINN COLLEGE**

## CERTIFICATE OF SERVICE

On September 20, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

  /s/ *Alicia Sienne Voltmer*
Alicia Sienne Voltmer