# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| REBECCA MUSSER, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | **3:17-CV-02166-C** |
| PAUL QUINN COLLEGE, | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH

Defendant Paul Quinn College ("PQC" or "Defendant") asks the Court to enter an order denying Plaintiff's Motion to Quash ("Motion"), and in support thereof shows as follows:

## OVERVIEW OF THE REQUESTED RELIEF

This is a retaliation case under the federal False Claims Act ("FCA") wherein Plaintiff seeks damages for back pay, undefined "special damages," liquidated damages, lost benefits (past and future), mental trauma, and loss of enjoyment of life[1]. Despite the fact Plaintiff was advised by PQC in 2011 that: (i) her employment with PQC would be terminated before she engaged in any allegedly protected activity; (ii) Plaintiff was placed on *paid* leave from November 2011 through approximately January 2014 following her complaint of allegedly fraudulent activity at PQC; and (iii) between 2012 and 2014, Plaintiff was involved in a lawsuit with PQC and the individual who allegedly engaged in fraudulent activity at PQC, Plaintiff waited almost seven years to file her retaliation claim against PQC.

Since her discharge from PQC (which followed her two years of paid leave), Plaintiff, who boasts of having a Master of Business Administration degree and a Certified Public Accountant

---

[1] *See* Plaintiff's Complaint at ¶ 15 & § V(a)-(g).

degree, has had two employers, staffing company Robert Half and "Pearson," which is apparently some type of educational company for which Plaintiff grades papers. Considering Plaintiff's education level and her claims for damages, PQC issued notices for deposition on written questions to secure records from the healthcare providers she contends treated her for mental anguish related to her claims in this case, as well as from the two employers. Asserting boilerplate objections, Plaintiff moved to quash the notices and for a protective order.

Because the information requested is relevant, proportional to the case, cannot be obtained by less intrusive means, and the parties have already entered into a protective order related to confidential information, the Court should deny the relief requested by Plaintiff in its entirety.

## **RELEVANT BACKGROUND FACTS**

In December 2017, PQC served Plaintiff with its First Set of Interrogatories. In Interrogatory No. 3, PQC asked Plaintiff to identify her employers in the past ten years. In response, Plaintiff identified PQC, Robert Half (and employers for whom she provided temporary employment services through Robert Half), and Pearson. In Interrogatory No. 11, PQC asked Plaintiff to "[i]dentify each healthcare provider who has seen, treated, and/or counseled you for any mental health-related issues, including, without limitation, depression, anxiety, stress, and mental trauma for the past ten years." In response to this Interrogatory, Plaintiff identified two doctors: Dr. Janet Lawhon and Dr. Wess Blackwell. Nowhere in her answer did Plaintiff identify any specialty areas of these providers or contend they treated her for anything other than alleged, mental health issues. A true and correct copy of Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories to Plaintiff is attached hereto as **Exhibit A**.

On February 28, 2018, PQC issued Notices of Deposition by Written Questions to Drs. Lawhon and Blackwell, and subsequent employers Robert Half and Pearson (the "Notices"). True and correct copies of these Notices are attached hereto collectively as **Exhibit B**.

On March 1, 2017, Plaintiff's counsel sent PQC's counsel an e-mail asserting vague objections to the Notices and advising, without conferring in good faith, that she would file a motion to quash <u>all</u> the Notices.   In response, and in accordance with the Court's Local Rules requiring the parties to engage in meaningful discussion to resolve discovery disputes, PQC's counsel responded to the e-mail and asked for clarification of Plaintiff's position.   Plaintiff's counsel responded with an admission that Plaintiff has a history of mental health issues and asserted that Plaintiff "*may have*"[2] received treatment from one of the healthcare providers, whom she did not identify, for other conditions (although she did not confirm this in any way).  A true and correct copy of the e-mail exchange is attached hereto as **Exhibit C**.

In response to Plaintiff's contention that the medical requests were too broad, Defendant's counsel agreed to narrow the scope, and served Amended Notices of Deposition on Written Questions for Drs. Lawhon and Blackwell ("Amended Notices").  A true and correct copy of Defendant's counsel's written agreement to narrow the scope of the medical Notices is attached hereto as **Exhibit D**, and the Amended Notices are attached hereto as **Exhibit E**.

Plaintiff's counsel did not respond, and instead, on March 13, 2018, Plaintiff filed her Motion asking the Court to quash the Notices and Amended Notices.

<u>**ARGUMENT AND AUTHORITIES**</u>

1. <u>**Applicable Law.**</u>

 In accordance with Rule 21(b) of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

[2] Emphasis added.

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Relevant information includes any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2015).   In the discovery context, relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. *Id; see also, Casey v. Nationstar Mortg., LLC*, No. 1:14-CV-126-C, 2015 U.S. Dist. LEXIS 179775, *3 (N.D. Tex. Feb. 5, 2015) (same) (Cummings, J.). Generally, modification of a subpoena is preferred to quashing it outright. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

### 2.   The Court Should Deny Plaintiff's Motion to Quash the Amended Notices for Medical Records.

Plaintiff's contention she sought medical treatment as a result of PQC's alleged actions places her medical condition directly at issue. *See Black v. Pan Am Labs., LLC*, No. 1:07-CV-924LY, 2008 U.S. Dist. LEXIS 126497 (W.D. Tex. July 8, 2008) ("Moreover, the discoverability of [plaintiff's] medical records is underscored by the fact that [plaintiff] sought medical treatment as a result of the events which now form the basis of this suit, including her federal causes of action.").

Plaintiff's arguments that medical subpoenas invade her privacy rights (a matter on which she did not confer), are overly broad and not relevant or proportional to the needs of the case, and are a fishing expedition are unwarranted for numerous reasons.

First, PQC notes that Plaintiff moved to quash the Amended Notice for records from Dr. Lawhon, whom Plaintiff admits "is a psychiatrist from whom Plaintiff only sought treatment for mental health related issues," even though Plaintiff concedes there is no basis to do so.  ("Plaintiff

does not object to Defendant obtaining medical records form Dr. Janet Lawhon…").[3]  This gamesmanship is nothing more than a waste of the Court's and PQC's time.

Second, regarding Plaintiff's overbreadth argument, PQC notes that in the Amended Notices, it narrowed the requested years to the timeframe during which Plaintiff worked for PQC, which is the timeframe during which Plaintiff seeks mental anguish damages.  Any overbreadth argument is a sham considering that Plaintiff waited nearly seven years to file her retaliation lawsuit against PQC, and seeks damages covering that entire time span.

Third, Plaintiff's contention that the request for records to Dr. Wess Blackwell of LaGrange Family Health Center is overly broad is nothing more than speculative, considering Plaintiff *does not* assert she has seen Dr. Blackwell for anything other than mental anguish.  In fact, in the e-mail string between counsel, Plaintiff's counsel claimed "She *may have* received treatment beyond [the mental health issue] scope…" (emphasis added).  Plaintiff is undeniably in the best position to know whether she has seen Dr. Blackwell, a general practice healthcare provider, for anything more than mental anguish issues.  Plaintiff's refusal to confirm the type of treatment by Dr. Blackwell confirms she has no basis for the objection.

Fourth, Plaintiff's contention that PQC's request for the medical records "is not proportionate to the needs of the case" is conclusory.  Setting aside the fact Plaintiff fails to provide any substantive support for the objection, Plaintiff seeks mental anguish damages for a period of *at least seven years* from 2011 to the present.

Fifth, Plaintiff's privacy objection is unfounded because: (a) the Court has already entered a protective order in this case; and (b) "[a privacy] consideration alone is not, however, sufficient to prevent discovery.  Rather, the court must balance a plaintiff's right to privacy against a

---

[3] *See* Motion to Quash, at p. 4.

defendant's right to a fair trial." *Black*, 2008 U.S. Dist. LEXIS, at *10. Plaintiff admits she has pre-existing mental health issues, and "[e]ven if the plaintiffs' mental conditions are not in controversy the plaintiffs' medical records can be relevant and discoverable if they shed light on other contributing causes to plaintiffs' mental anguish." *United States EEOC v. Guardsmark*, LLC, No. 4:09-CV-03062, 2010 U.S. Dist. Lexis 69029 (S.D. Tex. July 12, 2010).

Finally, the "fishing expedition" objection is baseless considering that: (a) Plaintiff concedes that Dr. Lawhon's records are discoverable and has no basis for moving to quash; (b) Plaintiff has a history of mental health issues, which may shed light on other sources of her alleged anguish; (c) Plaintiff seeks damages over a lengthy period of time; and (d) Plaintiff has not established that Dr. Blackwell treated her for anything other than alleged mental anguish.

In sum, PQC asks the Court to deny Plaintiff's Motion to Quash regarding her medical records from Drs. Lawhon and Blackwell because: (a) Plaintiff has filed a frivolous motion to quash with respect to Dr. Lawhon; (b) Plaintiff has placed her mental health directly at issue through her admission that she allegedly sought mental health treatment from these two healthcare providers related to her claims in this lawsuit; (c) additional medical records are relevant to determine other sources of Plaintiff's alleged, mental anguish; (d) Plaintiff's privacy is adequately protected by the terms of the protective order previously entered by the Court; and (e) it is Plaintiff's burden to establish that there is no possibility that the requested records may be relevant to the claim or defense of any party, and her speculative, bare objections do not satisfy the standard. *Mumfrey v. CVS Pharm., Inc.*, No. 1:10-CV-124-TH BENCH, 2011 U.S. Dist. LEXIS 162417, *7 (N.D. Tex. June 27, 2011) ("As the party opposing discovery, Mumfrey has the burden of showing that the discovery is not relevant."). *See also, Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473-

474 (N.D. Tex. 2005) (court found that plaintiff's medical records were relevant and discoverable in discrimination case where plaintiff sought mental anguish damages).

Strictly in the alternative, and in the event the Court finds any request objectionable for any reason, PQC asks the Court to narrow the scope of the Notices and/or Amended Notices, an/or conduct an in-camera inspection if necessary, to provide PQC the opportunity to adequately explore Plaintiff's mental anguish damage claim.

### 3.   The Court Should Deny Plaintiff's Motion to Quash the Notices for Employment Records.

Plaintiff objects to PQC's Notices for employment records from <u>subsequent</u> employers Robert Half and Pearson on the grounds of relevance, proportionality, harassment, overbreadth, invasion of privacy, and fishing expedition.  Motion, at p. 4.  None of these objections has merit.

To begin with, the cases Plaintiff cites in support of her contention that PQC's request is patently overbroad and inappropriate are inapposite.  For example, in *Richardson v. BBB Group, Inc*., No. 3:14-CV-1014-M (N.D. Tex. April 30, 2014), the issue decided by the Court was whether the request for subsequent employment records was harassing because of Plaintiff's articulated fear that the request would have a negative impact on her current employment.  *Id*. at *3.  Based on plaintiff's identified fear and agreement to produce "all" relevant records to the defendant, the Court determined a less intrusive means of discovery was available.  *Id*.  Here, Plaintiff has spent more than three years working in temporary positions and has not articulated any concern a subpoena would somehow have a negative impact on her employment as a temporary worker.

Further, Plaintiff has not agreed (because she cannot) to produce all records because she is not in possession of them.  More specifically, and by way of example, Plaintiff could have verbally advised Robert Half that she did not wish to work full time or seek full-time employment, and Robert Half could have transmitted that instruction in writing, using its own e-mail system, to a

prospective employer.  Plaintiff would not have access to Robert Half's e-mails with clients who were or are still seeking or potentially seeking Plaintiff's services as a part-time or contractual worker.  Such information would be undeniably relevant to PQC's contention that Plaintiff has failed to mitigate her damages.[4]

In *Sanders v. Dalcraft, LLC*, No. 3-09-CV-0307-P, 2009 U.S. Dist. LEXIS 41710 (N.D. Tex. May 18, 2009), cited by Plaintiff for the proposition that a request for subsequent employment records is overly broad, the Court in that case granted plaintiff's motion to quash because it found the records were not relevant to defendant's after-acquired evidence or mitigation defenses.  *Id*. at *4.  That case, unlike the one at bar, involved requests to the plaintiff's *former* and subsequent employers.  As the *Sanders* Court noted, and with respect to the request for records to the *prior employers*, "Courts generally agree that the after-acquired evidence defense 'cannot be used to pursue discovery in the absence of some basis for believing that after-acquired evidence of wrongdoing will be revealed.'"  *Id*.  Here, PQC does not seek employment records from prior employers, nor does it seek subsequent employment records to prove an after-acquired evidence defense.

Regarding the subpoenas to the subsequent employers, the *Sanders* Court noted that Plaintiff's continuous employment with the same employer did not support defendant's request for the records to establish a failure to mitigate defense.  *Id*. at *7.  Here, and according to her Interrogatory answers, Plaintiff has held multiple jobs through Robert Half and grades papers on an intermittent basis.  Her failure to remain in one job or secure full-time employment demonstrates the distinct possibility that she has failed to mitigate her damages.  *See, e.g., Williams v. United*

---

[4] In further support of this argument, PQC notes that Plaintiff produce one page of documents that suggests that she did tell Robert Half that she did not want to work in a temporary to permanent job, which strongly suggests she was not seeking full-time employment even though it was readily available.  A true and correct copy of this e-mail is attached hereto as **Exhibit F**.

*States Envtl. Servs., LLC*, No. 15-168-RLB, 2016 U.S. Dist. Lexis 19613 (M.D. La. Feb. 18, 2016) (court permitted defendant to discover "evidence of Plaintiff's current promotional opportunities, compensation, job responsibilities, working conditions, and status" in relation to defendant's failure to mitigate defense.).

Finally, in *EEOC v. Renaissance III Org.*, No. 3-05-CV-1063-B, 2006 U.S. Dist. LEXIS 10089 (N.D. Tex. Mar. 30, 2006), another case cited by Plaintiff in support of her Motion, the court granted plaintiff's motion to quash a request for employment records *from former employers* because the defendant failed to articulate any reason why those records were relevant to the case. *Id.* at *3-4.  Once again, PQC does not seek any employment records from former employers; rather, it seeks records from current employers.

Plaintiff concedes her earnings, payroll records, and benefits from Robert Half and Pearson are relevant but contends there is a less intrusive method for PQC to obtain that information.  Her logic is flawed because it is myopic.  Her employment records from these *subsequent* employers are relevant to PQC's mitigation defense and Plaintiff's credibility because they could show, for example:

- Whether she accurately represented her employment history with PQC;

- Whether she told either Robert Half or Pearson she did not want a full-time position;

- Whether she rejected any full-time work;

- Whether her performance, or lack thereof, resulted in her decision to seek additional work from Pearson;

- Her subsequent earnings;

- Whether any contract employer fired her;

- Whether, if she has left, she left Robert Half voluntarily;

- Whether she gave either Robert Half or Pearson instructions that she did not want to accept specific types of work;

- Whether she made any admissions related to her prior employment with PQC;

- Whether she advised Robert Half and/or Pearson that she had mental health issues, including any alleged cause(s).

- Whether her version of her resume and Robert Half's version of her resume are consistent;

- Whether she requested and/or took time off from her temporary jobs for personal reasons;

- Whether she signed but later reneged on any employment contracts;

- Whether she accepted or denied any health and welfare benefits from Robert Half or Pearson.

To the extent Plaintiff contends there is a less intrusive means for PQC to obtain these records because she will produce them, she has already demonstrated a refusal to do so.  For example, Plaintiff produced an e-mail, dated October 28, 2014, wherein she forwarded a copy of her resume to Robert Half, but Plaintiff failed to produce the attachment in her production to PQC. A true and correct copy of this e-mail is attached hereto as **Exhibit G**.  Similarly, Plaintiff produced an e-mail related to a "Consultant Profile" she was asked to complete but failed to produce the attachment.  A true and correct copy of this e-mail is attached hereto as **Exhibit H.**  Plaintiff produced a March 2017 e-mail to Robert Half attaching a copy of her resume, but again failed to produce the resume.  A true and correct copy of the e-mail is attached as **Exhibit I**.  Plaintiff provides no reason for her refusal to produce these and related documents as a "less intrusive" means for PQC to secure the information it needs.

In sum, the Court should deny Plaintiff's Motion because: (a) Plaintiff's employment records from her subsequent employers are relevant to PQC's mitigation defense and issues of Plaintiff's credibility and admissions; (b) Plaintiff's request for at least seven years of back and front pay damages and lost benefits renders the documents relevant and not overly broad; (c) Plaintiff has failed to demonstrate that the request for records from two subsequent employers is disproportional to the case as a whole; (d) Plaintiff does not contend she will lose any temporary job with Robert Half or Pearson, obviating the harassment objection; (e) Plaintiff's vague "privacy" concern is obviated by the existing protective order; (f) Plaintiff has already demonstrated through her document production to date that she will  not produce all responsive documents; and (g) as discussed in detail above, information in her personnel files is relevant and discoverable.

Again, strictly in the alternative, and in the event the Court finds any request objectionable for any reason, PQC asks the Court to narrow the scope of the Notices and/or perform an in-camera inspection if necessary to provide PQC the opportunity to adequately explore its failure to mitigate defense and Plaintiff's credibility.

## CONCLUSION AND PRAYER

Plaintiff's motion to quash the Amended Notice to Dr. Lawhon is frivolous and should be denied.  Plaintiff's motion to quash the Amended Notice and Notices, respectively, to Dr. Blackwell, Robert Half, and Pearson is unwarranted because the records requested are relevant and proportional to the case, and any privacy concerns by Plaintiff are adequately addressed in the protective order negotiated by Plaintiff's counsel and entered by the Court.

For the reasons set forth herein, PQC asks the Court to enter an order denying Plaintiff's Motion to Quash in its entirety, and awarding PQC any further relief to which it may be entitled.

Strictly in the alternative, and in the event the Court believes that any request is inappropriate, PQC asks the Court to modify the Notice and/or Amended Notice language, and/or perform an in-camera inspection of records if necessary, to enable PQC to secure the records it needs for the defense of its case.

Respectfully submitted,

LILLARD WISE SZYGENDA PLLC

By:   /s/ Alicia Sienne Voltmer
        Alicia Sienne Voltmer
        Attorney-in-Charge
        Texas Bar No. 00797605
        avoltmer@lwsattorneys.com
        Andrew J. Szygenda
        Texas Bar No. 24033251
        aszygenda@lwsattorneys.com

13760 Noel Rd., Suite 1150
Dallas, Texas 75240
214 • 739 • 2000  Telephone
214 • 739 • 2010  Fax

**ATTORNEYS FOR DEFENDANT
PAUL QUINN COLLEGE**

<u>**CERTIFICATE OF SERVICE**</u>

On April 2, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

        /s/  Alicia Sienne Voltmer
        Alicia Sienne Voltmer

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| REBECCA MUSSER, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:17-CV-02166-C** |
| v. | § | |
| | § | |
| PAUL QUINN COLLEGE, | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

To:    Defendant Paul Quinn College, by and through its attorneys of record, Alicia Sienne Voltmer and Andrew Szygenda of Lillard Wise Sygenda, PLLC., located at 13760 Noel Rd., Suite 1150, Dallas, TX 75240

Now comes Plaintiff Rebecca Musser, and file these Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories to Plaintiff pursuant to the Federal Rules of Civil Procedure.

**EXHIBIT A**

## INTERROGATORIES

**INTERROGATORY NO. 1**: Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

**ANSWER:** Plaintiff refers Defendant to Plaintiff's Initial Disclosures.

**INTERROGATORY NO. 2:** Identify each person, including friends and family members, and other than your attorney, with whom you have communicated, either orally or in writing, regarding the allegations in your Complaint, and state the date of the communication, the substance of the communication, and identify any documents that relate to such communication.

**ANSWER:** Plaintiff objects as this interrogatory is vague, ambiguous, overly broad in time and scope, unduly burdensome, and seeks information that is not relevant or proportionate to the needs of the case. Subject to, but without waiving the foregoing objections, to the extent this interrogatory seeks the identity of each current or former employee or contractor of Defendant with whom Plaintiff communicated regarding her underlying complaints regarding Owens, her suspension from PQC, or her termination by PQC, Plaintiff discussed her complaints with Antwane Owens, Lori Price, Bianca Matlock, Michael Sorrell, Sarah Warland, and Ed Mulherin. Plaintiff refers Defendant to the November 18, 2011 letter from Plaintiff to Michael Sorrell.

**INTERROGATORY NO. 3:** State, specifically and in detail, your complete history of employment for the past ten (10) years, including all employers for whom you worked prior to and following your employment with Defendant, any period of self-employment, including the name of each employer, the dates of your employment with each employer, your job classification, your rate of pay, and the reason for leaving each position.

**ANSWER:** Plaintiff objects as this request is overly broad in time and seeks information that is not relevant or proportionate to the needs of the case. Subject to, but without waiving the foregoing objections, to the extent this interrogatory seeks information on Plaintiff's employment from 2011 to present, Plaintiff states as follows:

Paul Quinn College
Approximately $70,000 per year
2011-August 19, 2014

A.H. Belo through Robert Half
January –March 2015
Contractor,
$45 per hour/ 40 hours per week; Plaintiff refers Defendant to Plaintiff's W-2
Contract work ended when 10-K was filed in March

Baylor Scott and White through Robert Half
April 2015 – January 2017
Contractor
$50 per hour 40 hours per week; Plaintiff refers Defendant to Plaintiff's W-2
Temporary position ended

TPG through Robert Half
Approximately March/April 2017 – October 17, 2017
Contractor
$48 per hour at 30-40 hours per week; Plaintiff refers Defendant to Plaintiff's W-2

Pearson
Intermittently in 2016 and 2017
Graded papers
$12.00 per hour

**INTERROGATORY NO. 4:** Identify and describe with specificity each source of income or financial support you have had since November 16, 2011, the date or dates upon which such income or financial support was received, and identify the amount, in terms of monthly or other periodic payments, of income or financial support from each source identified.

**ANSWER:** Plaintiff objects as this interrogatory is overly broad and seeks information that is not relevant or proportionate to the needs of the case. Subject to, but without waiving the foregoing, to the extent this request seeks Plaintiff received income earned from employment or unemployment benefits from 2011 to present, Plaintiff refers Defendant to Interrogatory No 3, Plaintiff's W-2s produced herewith, and the certified TWC file, which will be produced upon receipt.

**INTERROGATORY NO. 5:** In the past ten (10) years, have you ever been arrested for the commission of any crime, offense, misdemeanor, or felony? If your answer is "yes," please identify the nature of the matter for which you were arrested, the state and city in which you were arrested, the court which had jurisdiction over you at the time of the arrest, and whether you were released, convicted, pleaded guilty, or pleaded no contest.

**ANSWER:** Plaintiff objects as this interrogatory is overly broad and seeks information that is not relevant or proportionate to the needs of the case. Subject to, but without waiving the foregoing objections, to the extent this request seeks information on any conviction of a felony or crime of moral turpitude in the past ten years, none.

**INTERROGATORY NO. 6:**       State whether you have used e-mail, other web-based communication services (i.e. instant messages, chat rooms, web logs ("blogs"), social networks, etc.), or text messaging to communicate with any of the persons identified in response to Interrogatory No. 1. If you have, then state the name of each e-mail service provider (i.e. Google, Yahoo, Hotmail, MSN, AOL, etc.) you have used to send or receive such communications, the name of each web-based communication service provider (i.e. public blogs, news blogs (LinkedIn, Facebook, MySpace, Friendster.com, Classmates.com, Twitter, etc.) you have used for such communications, and the name of each text messaging service provider (AT&T, Verizon Wireless, T-mobile, etc.) for all text messages you have sent or received for such communications. For each provider identified above, state the following:

     (a)    The e-mail address, the full URL (Uniform Resource Locator, a/k/a the "web address") or Facebook profile, or the texting number (a/k/the cell phone number) used to have the communication;

     (b)    Your unique friend ID;

     (c)    The e-mail associated with each social networking site;

     (d)    The screen names you have used on each such website;

     (e)    The address associated with each social networking site, including zip code; and

     (f)    The date the account or subscription with the provider was created and the date it was terminated, if any.

**ANSWER:** Plaintiff objects as this request is overly broad and seeks information that is not relevant or proportionate to the needs of the case. Subject to, but without waiving the foregoing objections, during her employment with Defendant, Plaintiff's cell phone carrier was Sprint and her number was 979-702-8127 and 214-254-8127 with MetroPCS & AT&T, Plaintiff's personal email address was rebeccamusser1@yahoo.com, Plaintiff's work email with Defendant was Controller@pqc.edu.

**INTERROGATORY NO. 7:** Identify all current and former employees of Defendant, including contractors of Defendant, you have contacted since your separation from employment with Defendant relating to the claims and defenses in this litigation.

**ANSWER:** Plaintiff objects as this interrogatory as "relating to the claims and defenses in this litigations" is vague, ambiguous, and overly broad. Subject to, but without waiving the foregoing objections, to the extent this request seeks the identity of any current or former employees of Defendant with whom Plaintiff has discussed her allegations of illegal retaliation or her termination by Defendant, none.

**INTERROGATORY NO. 8:** Identify each healthcare provider who has seen, treated, and/or counseled you for the alleged, "mental trauma" for which you seek damages in this lawsuit.

**ANSWER:**  Dr. Janet Lawhon
6350 Lyndon B Johnson Fwy, Ste. 252
Dallas, Texas 75240

**INTERROGATORY NO. 9:** Identify by amount and type (e.g., back pay) the damages you seek to recover in this lawsuit, including in your answer any "special damages" you seek.

**ANSWER:** Plaintiff objects to the extent this request requires Plaintiff to marshal her evidence in response and/or seeks a legal conclusion. Plaintiff objects to this request as it is premature in that Plaintiff's damages are ongoing, and the exact amount cannot be ascertained at this time. Subject to, but without waiving these objections, Plaintiff refers Defendant to Plaintiff's Original Complaint for the damages sought, and to Plaintiff's disclosures for the method of calculating damages. Specifically, Plaintiff will seek all lost wages and benefits, including back pay and front pay. However, those amounts cannot yet be calculated because we do not have all of the necessary documentation as discovery has not been completed. Plaintiff has made claims for compensatory, punitive and any other damages referred to in Plaintiff's Original Complaint and Plaintiff will be seeking the maximum amount allowed under the law. Plaintiff will rely on the Court to make appropriate determination as to the amount. The Court may see the need for additional equitable or injunctive relief. Plaintiff will also seek attorney fees and costs, with this amount being presented to the Court pursuant to the Court's requirements and recommendations.

**INTERROGATORY NO. 10:** Identify all experts you intend to call as a witness to testify at trial, including in your answer the subject matter of the expected testimony.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify each healthcare provider who has seen, treated, and/or counseled you for any mental health-related issues, including, without limitation, depression, anxiety, stress, and mental trauma, for the past ten (10) years.

**ANSWER:**  Dr. Janet Lawhon
6350 Lyndon B Johnson Fwy, Ste 252
Dallas, Texas 75240
(972) 822-7152

Dr. Wess Blackwell
1253 N Von Minden St,
La Grange, TX 78945
979-968-8493

Respectfully submitted by:

**Robert (Bobby) Lee**
State Bar No. 00787888
lee@l-b-law.com
**Megan Dixon**
State Bar No. 24079901
dixon@l-b-law.com
**LEE & BRAZIEL, LLP**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel: (214) 749-1400
Fax: (214) 749-1010

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to all attorneys of record on this the 19th day of February, 2018, via e-mail and first class mail.

Alicia Sienne Voltmer
avoltmer@lwsattorneys.com
Andrew J. Szygenda
aszygenda@lwsattorneys.com
13760 Noel Rd., Suite 1150
Dallas, Texas 75240
214 • 739 • 2000 Telephone
214 • 739 • 2010 Fax

Megan Dixon

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| REBECCA MUSSER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:17-CV-02166-C |
| v. | § | |
| | § | |
| PAUL QUINN COLLEGE, | § | |
| | § | |
| Defendant. | § | |

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF Dallas | § |

BEFORE ME, the undersigned authority, on this day personally appeared Rebecca Musser, known to me to be the person whose name is subscribed to the foregoing Interrogatories, and upon her oath, stated that she executed these answers in her capacity as Plaintiff in the above styled and numbered cause and that she has read such Answers and that they are true and correct to the best of her knowledge.

_____
Rebecca Musser

Sworn to and subscribed before me, the undersigned authority, on this the 9th day of February 2018, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC, in and for
the State of Texas

MARIA G. RUIZ
MY COMMISSION EXPIRES
June 13, 2019



STRYKER
REPORTING SERVICES

1452 HUGHES RD STE 200
GRAPEVINE TX 76051
P 817.494.0700 F 817.494.0778
strykerreporting.com

FEBRUARY 28, 2018

Mr. Robert Lee
Ms. Megan Dixon
Lee & Braziel, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202

**Re: Civil Action No. 3:17-CV-02166-C; Rebecca Musser vs. Paul Quinn College**

Dear Sir/Madam:

Following please find four (4) Notices of Deposition by Written Questions to obtain records in the above-referenced case.

Please contact our office if you would like to order a copy of these records.

Thank you,

*Renee L Barrett*

**Renee L. Barrett**
renee@strykerreporting.com

cc:    Ms. Alicia Sienne Voltmer

PROMPT AND PRECISE LITIGATION SUPPORT

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REBECCA MUSSER, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CAUSE NO. 3:17-CV-02166-C** |
| | § | |
| PAUL QUINN COLLEGE, | § | |
| | § | |
| **Defendant.** | § | |

## <u>DEFENDANT'S NOTICE OF DEPOSITION BY WRITTEN QUESTIONS</u>

To: Plaintiff, Rebecca Musser, by and through her attorneys of record, Mr. Robert Lee and Ms. Megan Dixon, Lee & Braziel, LLP, 1801 N. Lamar Street, Suite 325, Dallas, Texas 75202.

Please take notice that, under Federal Rule of Civil Procedure 31, Defendant, Paul Quinn College, will take the deposition by written questions of *Janet Lawhon, D.O.,* who may be found at 6350 LBJ Freeway, Suite 252, Dallas, Texas 75240, **on or before April 17, 2018**.

*Janet Lawhon, D.O.* is directed to designate a person or persons to testify on its behalf in the following matters: **Any and all medical records, including but not limited to, all medical files, charts, reports, notes, writings, diagrams, forms, printouts, test results, lab results, and correspondence pertaining to Rebecca M. Musser, DOB: 10/30/1981.**

The deposition will be taken by Stryker Reporting Services, 1452 Hughes Road, Suite 200, Grapevine, Texas 76051, or a notary public.

A copy of the questions to be asked at the deposition is attached.

Under Federal Rules of Civil Procedure 31(a)(1) and 45(a)(1)(A)(iii), *Janet Lawhon, D.O.* is requested to produce the following discoverable information at the deposition: **Any and all medical records, including but not limited to, all medical files, radiographs, charts, reports, notes, writings, diagrams, forms, printouts, test results, prescriptions, lab results, and correspondence pertaining to Rebecca M. Musser, DOB: 10/30/1981.**

Respectfully submitted,

By:  /s/ Alicia Sienne Voltmer

Alicia Sienne Voltmer
Texas Bar No. 00797605
avoltmer@lwsattorneys.com
LILLARD WISE SZYGENDA PLLC
13760 Noel Road, Suite 1150
Dallas, Texas 75240
Telephone: (214) 739-2000
Facsimile: (214) 739-2010

**COUNSEL FOR DEFENDANT
PAUL QUINN COLLEGE**

**CERTIFICATE OF SERVICE**

I certify that on February 28, 2018, a copy of Defendant's Notice of Deposition by Written Questions was served by e-mail on the following attorneys for Plaintiff, Rebecca Musser:

Robert (Bobby) Lee
Texas Bar No. 00787888
lee@l-b-law.com
Megan Dixon
Texas Bar No. 24079901
dixon@l-b-law.com
LEE & BRAZIEL, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010

Renee L. Barrett
STRYKER REPORTING
1452 Hughes, Suite 200
Grapevine, Texas 76051
Telephone: (817) 494-0700
Facsimile: (817) 494-0778
renee@strykerreporting.com

## **1DEPOSITION BY WRITTEN QUESTIONS**

1. Please state your full name, occupation, and official title.

ANSWER:

2. Are you the custodian of records for *Janet Lawhon, D.O.*?

ANSWER:

3. As part of your duties as custodian of records for *Janet Lawhon, D.O.*, are you the custodian of the requested records?

ANSWER:

4. Have you been served with a subpoena for the production of records?

ANSWER:

5. Do you understand that the subpoena requests all records in your possession, custody, or control and is not limited to records relating only to the injuries/damages that form the basis of this lawsuit?

ANSWER:

6. Were the records made by *Janet Lawhon, D.O.*?

ANSWER:

7. Were the records made at or near the time of the act, event, or matter identified in the records?

ANSWER:

8. Were the records made in the regular course of the business of *Janet Lawhon, D.O.*?

ANSWER:

9. Were the records transmitted to your files, and did you maintain the records as part of your official duties as the custodian of records for *Janet Lawhon, D.O.*?

ANSWER:

10. Please hand the originals or exact duplicates of the records to the notary public taking your deposition for photocopying and attachment to this deposition. Have you now given all the records to the notary public? If not, identify for the notary public the records and documents you did not produce and explain why you did not produce them.

ANSWER:

11. How long does *Janet Lawhon, D.O.* maintain its files, and does *Janet Lawhon, D.O.* ever destroy its files?

ANSWER:

12. Are you aware of any other entities or persons that may have possession of records relating to the subject matter of this lawsuit? If so, please identify that entity or person.

ANSWER:

13. Have you been requested or directed by any person to withhold or protect, for any reason, the records identified in the subpoena? Has any person suggested that you should withhold or protect the records identified in the subpoena? If so, please identify the person who conveyed this information to you and when that occurred.

ANSWER:

14. Do you know or have reason to believe that the records identified have in any manner been edited, purged, culled, deleted, or otherwise altered or removed? If so, please identify the records and why they were altered or removed.

ANSWER:

15. Will copies of the records identified in these questions be attached to your responses?

ANSWER:


_____

Custodian of records for
*Janet Lawhon, D.O.*


Sworn to and subscribed before me by _____ on _____, 2018.


_____

Notary Public in and for the State of Texas
County of _____
My commission expires: _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REBECCA MUSSER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 3:17-CV-02166-C** |
| | § | |
| **PAUL QUINN COLLEGE,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>DEFENDANT'S NOTICE OF DEPOSITION BY WRITTEN QUESTIONS</u>

To: Plaintiff, Rebecca Musser, by and through her attorneys of record, Mr. Robert Lee and Ms. Megan Dixon, Lee & Braziel, LLP, 1801 N. Lamar Street, Suite 325, Dallas, Texas 75202.

Please take notice that, under Federal Rule of Civil Procedure 31, Defendant, Paul Quinn College, will take the deposition by written questions of *La Grange Family Health Center,* who may be found at 1253 N. Von Minden Street, La Grange, Texas 78945, **on or before April 17, 2018**.

*La Grange Family Health Center* is directed to designate a person or persons to testify on its behalf in the following matters: **Any and all medical records, including but not limited to, all medical files, charts, reports, notes, writings, diagrams, forms, printouts, test results, lab results, and correspondence pertaining to Rebecca M. Musser, DOB: 10/30/1981.**

The deposition will be taken by Stryker Reporting Services, 1452 Hughes Road, Suite 200, Grapevine, Texas 76051, or a notary public.

A copy of the questions to be asked at the deposition is attached.

Under Federal Rules of Civil Procedure 31(a)(1) and 45(a)(1)(A)(iii), *La Grange Family Health Center* is requested to produce the following discoverable information at the deposition: **Any and all medical records, including but not limited to, all medical files, radiographs, charts, reports, notes, writings, diagrams, forms, printouts, test results, prescriptions, referrals, lab results, and correspondence pertaining to Rebecca M. Musser, DOB: 10/30/1981.**

Respectfully submitted,

By:  /s/ Alicia Sienne Voltmer

Alicia Sienne Voltmer
Texas Bar No. 00797605
avoltmer@lwsattorneys.com
LILLARD WISE SZYGENDA PLLC
13760 Noel Road, Suite 1150
Dallas, Texas 75240
Telephone: (214) 739-2000
Facsimile: (214) 739-2010

**COUNSEL FOR DEFENDANT
PAUL QUINN COLLEGE**

**CERTIFICATE OF SERVICE**

I certify that on February 28, 2018, a copy of Defendant's Notice of Deposition by Written Questions was served by e-mail on the following attorneys for Plaintiff, Rebecca Musser:

Robert (Bobby) Lee
Texas Bar No. 00787888
lee@l-b-law.com
Megan Dixon
Texas Bar No. 24079901
dixon@l-b-law.com
LEE & BRAZIEL, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010

Renee L. Barrett
STRYKER REPORTING
1452 Hughes, Suite 200
Grapevine, Texas 76051
Telephone: (817) 494-0700
Facsimile: (817) 494-0778
renee@strykerreporting.com

## 1DEPOSITION BY WRITTEN QUESTIONS

1. Please state your full name, occupation, and official title.

ANSWER:

2. Are you the custodian of records for *La Grange Family Health Center*?

ANSWER:

3. As part of your duties as custodian of records for *La Grange Family Health Center*, are you the custodian of the requested records?

ANSWER:

4. Have you been served with a subpoena for the production of records?

ANSWER:

5. Do you understand that the subpoena requests all records in your possession, custody, or control and is not limited to records relating only to the injuries/damages that form the basis of this lawsuit?

ANSWER:

6. Were the records made by *La Grange Family Health Center*?

ANSWER:

7. Were the records made at or near the time of the act, event, or matter identified in the records?

ANSWER:

8. Were the records made in the regular course of the business of *La Grange Family Health Center*?

ANSWER:

9. Were the records transmitted to your files, and did you maintain the records as part of your official duties as the custodian of records for *La Grange Family Health Center?*

ANSWER:

10. Please hand the originals or exact duplicates of the records to the notary public taking your deposition for photocopying and attachment to this deposition. Have you now given all the records to the notary public? If not, identify for the notary public the records and documents you did not produce and explain why you did not produce them.

ANSWER:

11. How long does *La Grange Family Health Center* maintain its files, and does *La Grange Family Health Center* ever destroy its files?

ANSWER:

12. Are you aware of any other entities or persons that may have possession of records relating to the subject matter of this lawsuit? If so, please identify that entity or person.

ANSWER:

13. Have you been requested or directed by any person to withhold or protect, for any reason, the records identified in the subpoena? Has any person suggested that you should withhold or protect the records identified in the subpoena? If so, please identify the person who conveyed this information to you and when that occurred.

ANSWER:

14. Do you know or have reason to believe that the records identified have in any manner been edited, purged, culled, deleted, or otherwise altered or removed? If so, please identify the records and why they were altered or removed.

ANSWER:

15. Will copies of the records identified in these questions be attached to your responses?

ANSWER:

_____
Custodian of records for
*La Grange Family Health Center*


Sworn   to   and   subscribed   before   me   by   _____   on
_____, 2018.

_____
Notary Public in and for the State of Texas
County of   _____
My commission expires: _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REBECCA MUSSER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 3:17-CV-02166-C** |
| | § | |
| **PAUL QUINN COLLEGE,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF DEPOSITION BY WRITTEN QUESTIONS

To: Plaintiff, Rebecca Musser, by and through her attorneys of record, Mr. Robert Lee and Ms. Megan Dixon, Lee & Braziel, LLP, 1801 N. Lamar Street, Suite 325, Dallas, Texas 75202.

Please take notice that, under Federal Rule of Civil Procedure 31, Defendant, Paul Quinn College, will take the deposition by written questions of *Pearson Education, Inc.,* by and through their registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, **on or before April 17, 2018**.

*Pearson Education, Inc.* is directed to designate a person or persons to testify on its behalf in the following matters: **Any and all employment records pertaining to Rebecca M. Musser, DOB: 10/30/1981, including, but not limited to, her employment file, correspondence, including, without limitation, text messages and e-mails, personnel records, payroll records, attendance, resumes, job assignments, 1099s, W-9s, educational records, client assessments, disciplinary records, time-off requests, performance evaluations, job descriptions, employment contracts, skills or aptitude tests and results, work or personal recommendations, earnings and benefits.**

The deposition will be taken by Stryker Reporting Services, 1452 Hughes Road, Suite 200, Grapevine, Texas 76051, or a notary public.

A copy of the questions to be asked at the deposition is attached.

Under Federal Rules of Civil Procedure 31(a)(1) and 45(a)(1)(A)(iii), *Pearson Education, Inc.* is requested to produce the following discoverable information at the deposition: **Any and all employment records pertaining to Rebecca M. Musser, DOB: 10/30/1981, including, but not limited to, her employment file, correspondence, including, without limitation, text messages and e-mails, personnel records, payroll records, attendance, resumes, job assignments, 1099s, W-9s, educational records, client**

**assessments, disciplinary records, time-off requests, performance evaluations, job descriptions, employment contracts, skills or aptitude tests and results, work or personal recommendations, earnings and benefits.**

Respectfully submitted,

By: /s/ Alicia Sienne Voltmer

Alicia Sienne Voltmer
Texas Bar No. 00797605
avoltmer@lwsattorneys.com
LILLARD WISE SZYGENDA PLLC
13760 Noel Road, Suite 1150
Dallas, Texas 75240
Telephone: (214) 739-2000
Facsimile: (214) 739-2010

**COUNSEL FOR DEFENDANT
PAUL QUINN COLLEGE**

**CERTIFICATE OF SERVICE**

I certify that on February 28, 2018, a copy of Defendant's Notice of Deposition by Written Questions was served by e-mail on the following attorneys for Plaintiff, Rebecca Musser:

Robert (Bobby) Lee
Texas Bar No. 00787888
lee@l-b-law.com
Megan Dixon
Texas Bar No. 24079901
dixon@l-b-law.com
LEE & BRAZIEL, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010

Renee L. Barrett
STRYKER REPORTING
1452 Hughes, Suite 200
Grapevine, Texas 76051
Telephone: (817) 494-0700
Facsimile: (817) 494-0778
renee@strykerreporting.com

## DEPOSITION BY WRITTEN QUESTIONS

1. Please state your full name, occupation, and official title.

ANSWER:

2. Are you the custodian of records for *Pearson Education, Inc.*?

ANSWER:

3. As part of your duties as custodian of records for *Pearson Education, Inc.*, are you the custodian of the requested records?

ANSWER:

4. Have you been served with a subpoena for the production of records?

ANSWER:

5. Do you understand that the subpoena requests all records in your possession, custody, or control and is not limited to records relating only to the injuries/damages that form the basis of this lawsuit?

ANSWER:

6. Were the records made by *Pearson Education, Inc.*?

ANSWER:

7. Were the records made at or near the time of the act, event, or matter identified in the records?

ANSWER:

8. Were the records made in the regular course of the business of *Pearson Education, Inc.*?

ANSWER:

9. Were the records transmitted to your files, and did you maintain the records as part of your official duties as the custodian of records for *Pearson Education, Inc.*?

ANSWER:

10. Please hand the originals or exact duplicates of the records to the notary public taking your deposition for photocopying and attachment to this deposition. Have you now given all the records to the notary public? If not, identify for the notary public the records and documents you did not produce and explain why you did not produce them.

ANSWER:

11. How long does *Pearson Education, Inc.* maintain its files, and does *Pearson Education, Inc.* ever destroy its files?

ANSWER:

12. Are you aware of any other entities or persons that may have possession of records relating to the subject matter of this lawsuit? If so, please identify that entity or person.

ANSWER:

13. Have you been requested or directed by any person to withhold or protect, for any reason, the records identified in the subpoena? Has any person suggested that you should withhold or protect the records identified in the subpoena? If so, please identify the person who conveyed this information to you and when that occurred.

ANSWER:

14. Do you know or have reason to believe that the records identified have in any manner been edited, purged, culled, deleted, or otherwise altered or removed? If so, please identify the records and why they were altered or removed.

ANSWER:

15. Will copies of the records identified in these questions be attached to your responses?

ANSWER:

_____

Custodian of records for
*Pearson Education, Inc.*

Sworn to and subscribed before me by _____ on
_____, 2018.

_____

Notary Public in and for the State of Texas
County of _____
My commission expires: _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REBECCA MUSSER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 3:17-CV-02166-C** |
| | § | |
| **PAUL QUINN COLLEGE,** | § | |
| | § | |
| **Defendant.** | § | |

## **DEFENDANT'S NOTICE OF DEPOSITION BY WRITTEN QUESTIONS**

To: Plaintiff, Rebecca Musser, by and through her attorneys of record, Mr. Robert Lee and Ms. Megan Dixon, Lee & Braziel, LLP, 1801 N. Lamar Street, Suite 325, Dallas, Texas 75202.

Please take notice that, under Federal Rule of Civil Procedure 31, Defendant, Paul Quinn College, will take the deposition by written questions of *Robert Half International, Inc.,* by and through their registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, **on or before April 17, 2018**.

*Robert Half International, Inc.* is directed to designate a person or persons to testify on its behalf in the following matters: **Any and all employment records pertaining to Rebecca M. Musser, DOB: 10/30/1981, including, but not limited to, her employment file, correspondence, including, without limitation, text messages and e-mails, personnel records, payroll records, attendance, resumes, job assignments, 1099s, W-9s, educational records, client assessments, disciplinary records, time-off requests, performance evaluations, job descriptions, employment contracts, skills or aptitude tests and results, work or personal recommendations, earnings and benefits.**

The deposition will be taken by Stryker Reporting Services, 1452 Hughes Road, Suite 200, Grapevine, Texas 76051, or a notary public.

A copy of the questions to be asked at the deposition is attached.

Under Federal Rules of Civil Procedure 31(a)(1) and 45(a)(1)(A)(iii), *Robert Half International, Inc.* is requested to produce the following discoverable information at the deposition: **Any and all employment records pertaining to Rebecca M. Musser, DOB: 10/30/1981, including, but not limited to, her employment file, correspondence, including, without limitation, text messages and e-mails, personnel records, payroll records, attendance, resumes, job assignments, 1099s, W-9s, educational records, client**

assessments, disciplinary records, time-off requests, performance evaluations, job descriptions, employment contracts, skills or aptitude tests and results, work or personal recommendations, earnings and benefits.

Respectfully submitted,

By: _/s/ Alicia Sienne Voltmer_

Alicia Sienne Voltmer
Texas Bar No. 00797605
avoltmer@lwsattorneys.com
LILLARD WISE SZYGENDA PLLC
13760 Noel Road, Suite 1150
Dallas, Texas 75240
Telephone: (214) 739-2000
Facsimile: (214) 739-2010

**COUNSEL FOR DEFENDANT
PAUL QUINN COLLEGE**

**CERTIFICATE OF SERVICE**

I certify that on February 28, 2018, a copy of Defendant's Notice of Deposition by Written Questions was served by e-mail on the following attorneys for Plaintiff, Rebecca Musser:

Robert (Bobby) Lee
Texas Bar No. 00787888
lee@l-b-law.com
Megan Dixon
Texas Bar No. 24079901
dixon@l-b-law.com
LEE & BRAZIEL, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010

_Renee L Barrett_

Renee L. Barrett
STRYKER REPORTING
1452 Hughes, Suite 200
Grapevine, Texas 76051
Telephone: (817) 494-0700
Facsimile: (817) 494-0778
renee@strykerreporting.com

## DEPOSITION BY WRITTEN QUESTIONS

1. Please state your full name, occupation, and official title.

ANSWER:

2. Are you the custodian of records for *Robert Half International, Inc.*?

ANSWER:

3. As part of your duties as custodian of records for *Robert Half International, Inc.*, are you the custodian of the requested records?

ANSWER:

4. Have you been served with a subpoena for the production of records?

ANSWER:

5. Do you understand that the subpoena requests all records in your possession, custody, or control and is not limited to records relating only to the injuries/damages that form the basis of this lawsuit?

ANSWER:

6. Were the records made by *Robert Half International, Inc.*?

ANSWER:

7. Were the records made at or near the time of the act, event, or matter identified in the records?

ANSWER:

8. Were the records made in the regular course of the business of *Robert Half International, Inc.*?

ANSWER:

9. Were the records transmitted to your files, and did you maintain the records as part of your official duties as the custodian of records for *Robert Half International, Inc.*?

ANSWER:

10. Please hand the originals or exact duplicates of the records to the notary public taking your deposition for photocopying and attachment to this deposition. Have you now given all the records to the notary public? If not, identify for the notary public the records and documents you did not produce and explain why you did not produce them.

ANSWER:

11. How long does *Robert Half International, Inc.* maintain its files, and does *Robert Half International, Inc.* ever destroy its files?

ANSWER:

12. Are you aware of any other entities or persons that may have possession of records relating to the subject matter of this lawsuit? If so, please identify that entity or person.

ANSWER:

13. Have you been requested or directed by any person to withhold or protect, for any reason, the records identified in the subpoena? Has any person suggested that you should withhold or protect the records identified in the subpoena? If so, please identify the person who conveyed this information to you and when that occurred.

ANSWER:

14. Do you know or have reason to believe that the records identified have in any manner been edited, purged, culled, deleted, or otherwise altered or removed? If so, please identify the records and why they were altered or removed.

ANSWER:

15. Will copies of the records identified in these questions be attached to your responses?

ANSWER:


_____

Custodian of records for
*Robert Half International, Inc.*


Sworn   to   and   subscribed   before   me   by   _____   on
_____, 2018.


_____

Notary Public in and for the State of Texas
County of   _____
My commission expires:   _____

**Alicia Voltmer**

| | |
|---|---|
| **From:** | Megan Dixon <dixon@l-b-law.com> |
| **Sent:** | Thursday, March 01, 2018 12:12 PM |
| **To:** | Alicia Voltmer |
| **Subject:** | Re: 3:17-CV-02166-C; Musser vs. Paul Quinn College |

One doctor listed was where she received treatment for mental health issues as a result of the issues at Paul Quinn and her termination. She has had a history of anxiety and depression, and we provided those medical professionals as well. She may have received treatment beyond that scope, and that's what we're tying to limit. I'm not understanding why you can't agree to this limitation.

Why would her current resume be relevant to whether your client terminated her for an illegal reason?

On Mar 1, 2018, at 12:02 PM, Alicia Voltmer <AVoltmer@lwsattorneys.com> wrote:

> Megan, I'm confused.  The only medical providers you listed were for mental anguish treatment.  Are you saying those individuals also treated her for other issues?  I don't recall that either was an OB/GYN.
>
> We can agree to disagree on the employment records.  That your client refuses to produce even a current resume, for example, is ridiculous in an employment case.
>
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> **A L I C I A   S I E N N E   V O L T M E R**
> Board Certified-Labor and Employment Law-Texas Board of Legal Specialization
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> **L W S** A T T O R N E Y S
> L I L L A R D   W I S E   S Z Y G E N D A
> P L L C
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> 13760 Noel Rd., Suite 1150
> Dallas, Texas  75240
>
> O    214.739.2012
> F    214.739.2010
> E    avoltmer@lwsattorneys.com
>
> **L W S** a t t o r n e y s . c o m

This communication is confidential and is intended to be privileged pursuant to applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify Lillard Wise Szygenda PLLC immediately by telephone (214.739.2000) and by electronic mail to: ediebitsch@lwsattorneys.com and then delete this message and all copies and backups thereof.

**EXHIBIT C**

**From:** Megan Dixon [mailto:dixon@l-b-law.com]
**Sent:** Thursday, March 01, 2018 11:58 AM
**To:** Alicia Voltmer <AVoltmer@lwsattorneys.com>
**Subject:** RE: 3:17-CV-02166-C; Musser vs. Paul Quinn College

All medical records from her medical providers for an unlimited amount of time are not relevant.  Any cough she's had or her gynecological records are not relevant to her case.  We've provided authorizations for what is relevant to her case -  treatment for anxiety, depression or any other mental health condition. Anything beyond that is just fishing.

I disagree that her employment records are relevant for the reasons you have stated, and the DWQs as written go far beyond that. I can agree that payroll information is relevant to mitigation, but we've already produced W-2s.

**Megan Dixon**
*Attorney*
Lee & Braziel, LLP
1801 N. Lamar St., Suite 325 | Dallas, Texas 75202
214.749.1400 Office | 214.749.1010 Fax

Please note that this message is considered confidential, and it is only intended for the recipient. In addition, the attorney-client privileges may apply to this communication. If you have received this communication in error, please delete and/or inform me of the problem.

**From:** Alicia Voltmer [mailto:AVoltmer@lwsattorneys.com]
**Sent:** Thursday, March 01, 2018 11:43 AM
**To:** Megan Dixon
**Subject:** RE: 3:17-CV-02166-C; Musser vs. Paul Quinn College

What, specifically, is overly broad about them and not proportional to the needs of the case?  Plaintiff claims she was treated by the two doctors for alleged mental anguish; therefore, any records should be relevant.  If she had mental anguish from some other source, that is also relevant.

Regarding the employment records, she's only worked for those two employers, according to her discovery answers.  What she told them about her experience, references, qualifications, etc., and what she's represented to other employers, is relevant to my client's failure to mitigate defense and your client's credibility.

I need more information before I can provide you with an answer.

Alicia.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**ALICIA SIENNE VOLTMER**
Board Certified-Labor and Employment Law-Texas Board of Legal Specialization

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**L W S** A T T O R N E Y S
L I L L A R D   W I S E   S Z Y G E N D A
P L L C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

13760 Noel Rd., Suite 1150
Dallas, Texas  75240

O     214.739.2012
F     214.739.2010
E     avoltmer@lwsattorneys.com

**L W S a t t o r n e y s . c o m**

This communication is confidential and is intended to be privileged pursuant to applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify Lillard Wise Szygenda PLLC immediately by telephone (214.739.2000) and by electronic mail to: ediebitsch@lwsattorneys.com and then delete this message and all copies and backups thereof.

**From:** Megan Dixon [mailto:dixon@l-b-law.com]
**Sent:** Thursday, March 01, 2018 11:37 AM
**To:** Renee Barrett <Renee@strykerreporting.com>; Alicia Voltmer <AVoltmer@lwsattorneys.com>
**Cc:** Emily Diebitsch <EDiebitsch@lwsattorneys.com>
**Subject:** RE: 3:17-CV-02166-C; Musser vs. Paul Quinn College

We intend the file a motion to quash and motion for protective order for these Depositions on Written Questions.

- The DWQs for medical records are overly broad in time and scope and seek information that is not relevant or proportionate to the needs of the case. They also exceed the scope of the medical authorizations provided.
- The DWQs for employment records are also overly broad in scope and seek information that is not relevant or proportionate to the needs of the case.

Please let me know if you are opposed or unopposed to our motion.

**Megan Dixon**
*Attorney*
Lee & Braziel, LLP
1801 N. Lamar St., Suite 325 | Dallas, Texas 75202
214.749.1400 Office | 214.749.1010 Fax

Please note that this message is considered confidential, and it is only intended for the recipient. In addition, the attorney-client privileges may apply to this communication. If you have received this communication in error, please delete and/or inform me of the problem.

**From:** Renee Barrett [mailto:Renee@strykerreporting.com]
**Sent:** Wednesday, February 28, 2018 3:42 PM
**To:** Robert Lee; Megan Dixon

**Cc:** Emily Diebitsch
**Subject:** 3:17-CV-02166-C; Musser vs. Paul Quinn College

Mr. Lee and Ms. Dixon,

Please see the attached correspondence regarding the above-referenced matter.

Thank you,

Renee L. Barrett
STRYKER REPORTING
1452 Hughes Road Suite 200 | Grapevine  TX  76051
P (817) 494-0700 | F (817) 494-0778 | M (817) 913-7037
strykerreporting.com

**Alicia Voltmer**

| | |
|---|---|
| **From:** | Alicia Voltmer |
| **Sent:** | Friday, March 02, 2018 10:59 AM |
| **To:** | Megan Dixon |
| **Cc:** | Emily Diebitsch |
| **Subject:** | Musser v. PQC |

Megan, I looked at the subpoenas for medical records and I am going to amend them to include the timeframe of 2010 to 2018.  If that isn't satisfactory to you, then you can move to quash them.  I am standing on the employment records subpoenas.

Alicia.

**EXHIBIT D**



1452 HUGHES RD STE 200
GRAPEVINE TX 76051
P 817.494.0700 F 817.494.0778
strykerreporting.com

MARCH 2, 2018

Mr. Robert Lee
Ms. Megan Dixon
Lee & Braziel, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202

**Re:  Civil Action No. 3:17-CV-02166-C; Rebecca Musser vs. Paul Quinn College**

Dear Sir/Madam:

Following please find two (2) <u>Amended</u> Notices of Deposition by Written Questions to obtain records in the above-referenced case.

Please contact our office if you would like to order a copy of these records.

Thank you,

**Renee L. Barrett**
renee@strykerreporting.com


cc:    Ms. Alicia Sienne Voltmer

PROMPT  AND  PRECISE  LITIGATION  SUPPORT

**EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REBECCA MUSSER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 3:17-CV-02166-C** |
| | § | |
| **PAUL QUINN COLLEGE,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S FIRST AMENDED NOTICE OF
## DEPOSITION BY WRITTEN QUESTIONS

To: Plaintiff, Rebecca Musser, by and through her attorneys of record, Mr. Robert Lee and Ms. Megan Dixon, Lee & Braziel, LLP, 1801 N. Lamar Street, Suite 325, Dallas, Texas 75202.

Please take notice that, under Federal Rule of Civil Procedure 31, Defendant, Paul Quinn College, will take the deposition by written questions of *Janet Lawhon, D.O.,* who may be found at 6350 LBJ Freeway, Suite 252, Dallas, Texas 75240, **on or before April 17, 2018**.

*Janet Lawhon, D.O.* is directed to designate a person or persons to testify on its behalf in the following matters: **Any and all medical records from 2010 to the present, including but not limited to, all medical files, radiographs, charts, reports, notes, writings, diagrams, forms, printouts, test results, prescriptions, referrals, lab results, and correspondence pertaining to Rebecca M. Musser, DOB: 10/30/1981.**

The deposition will be taken by Stryker Reporting Services, 1452 Hughes Road, Suite 200, Grapevine, Texas 76051, or a notary public.

A copy of the questions to be asked at the deposition is attached.

Under Federal Rules of Civil Procedure 31(a)(1) and 45(a)(1)(A)(iii), *Janet Lawhon, D.O.* is requested to produce the following discoverable information at the deposition: **Any and all medical records from 2010 to the present, including but not limited to, all medical files, radiographs, charts, reports, notes, writings, diagrams, forms, printouts, test results, prescriptions, referrals, lab results, and correspondence pertaining to Rebecca M. Musser, DOB: 10/30/1981.**

Respectfully submitted,

By: /s/ Alicia Sienne Voltmer

Alicia Sienne Voltmer
Texas Bar No. 00797605
avoltmer@lwsattorneys.com
LILLARD WISE SZYGENDA PLLC
13760 Noel Road, Suite 1150
Dallas, Texas 75240
Telephone: (214) 739-2000
Facsimile: (214) 739-2010

**COUNSEL FOR DEFENDANT
PAUL QUINN COLLEGE**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 2, 2018, a copy of Defendant's First Amended Notice of Deposition by Written Questions was served by e-mail on the following attorneys for Plaintiff, Rebecca Musser:

Robert (Bobby) Lee
Texas Bar No. 00787888
lee@l-b-law.com
Megan Dixon
Texas Bar No. 24079901
dixon@l-b-law.com
LEE & BRAZIEL, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010

Renee L. Barrett
STRYKER REPORTING
1452 Hughes, Suite 200
Grapevine, Texas 76051
Telephone: (817) 494-0700
Facsimile: (817) 494-0778
renee@strykerreporting.com

## DEPOSITION BY WRITTEN QUESTIONS

1. Please state your full name, occupation, and official title.

ANSWER:

2. Are you the custodian of records for *Janet Lawhon, D.O.*?

ANSWER:

3. As part of your duties as custodian of records for *Janet Lawhon, D.O.*, are you the custodian of the requested records?

ANSWER:

4. Have you been served with a subpoena for the production of records?

ANSWER:

5. Do you understand that the subpoena requests all records in your possession, custody, or control and is not limited to records relating only to the injuries/damages that form the basis of this lawsuit?

ANSWER:

6. Were the records made by *Janet Lawhon, D.O.*?

ANSWER:

7. Were the records made at or near the time of the act, event, or matter identified in the records?

ANSWER:

8. Were the records made in the regular course of the business of *Janet Lawhon, D.O.*?

ANSWER:

9. Were the records transmitted to your files, and did you maintain the records as part of your official duties as the custodian of records for *Janet Lawhon, D.O.*?

ANSWER:

10. Please hand the originals or exact duplicates of the records to the notary public taking your deposition for photocopying and attachment to this deposition. Have you now given all the records to the notary public? If not, identify for the notary public the records and documents you did not produce and explain why you did not produce them.

ANSWER:

11. How long does *Janet Lawhon, D.O.* maintain its files, and does *Janet Lawhon, D.O.* ever destroy its files?

ANSWER:

12. Are you aware of any other entities or persons that may have possession of records relating to the subject matter of this lawsuit? If so, please identify that entity or person.

ANSWER:

13. Have you been requested or directed by any person to withhold or protect, for any reason, the records identified in the subpoena? Has any person suggested that you should withhold or protect the records identified in the subpoena? If so, please identify the person who conveyed this information to you and when that occurred.

ANSWER:

14. Do you know or have reason to believe that the records identified have in any manner been edited, purged, culled, deleted, or otherwise altered or removed? If so, please identify the records and why they were altered or removed.

ANSWER:

15. Will copies of the records identified in these questions be attached to your responses?

ANSWER:


_____

Custodian of records for
*Janet Lawhon, D.O.*


Sworn to and subscribed before me by _____ on
_____, 2018.


_____

Notary Public in and for the State of Texas
County of _____
My commission expires: _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REBECCA MUSSER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 3:17-CV-02166-C** |
| | § | |
| **PAUL QUINN COLLEGE,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S FIRST AMENDED NOTICE OF
## DEPOSITION BY WRITTEN QUESTIONS

To: Plaintiff, Rebecca Musser, by and through her attorneys of record, Mr. Robert Lee and Ms. Megan Dixon, Lee & Braziel, LLP, 1801 N. Lamar Street, Suite 325, Dallas, Texas 75202.

Please take notice that, under Federal Rule of Civil Procedure 31, Defendant, Paul Quinn College, will take the deposition by written questions of *La Grange Family Health Center,* who may be found at 1253 N. Von Minden Street, La Grange, Texas 78945, **on or before April 17, 2018**.

*La Grange Family Health Center* is directed to designate a person or persons to testify on its behalf in the following matters: **Any and all medical records from 2010 to the present, including but not limited to, all medical files, radiographs, charts, reports, notes, writings, diagrams, forms, printouts, test results, prescriptions, referrals, lab results, and correspondence pertaining to Rebecca M. Musser, DOB: 10/30/1981.**

The deposition will be taken by Stryker Reporting Services, 1452 Hughes Road, Suite 200, Grapevine, Texas 76051, or a notary public.

A copy of the questions to be asked at the deposition is attached.

Under Federal Rules of Civil Procedure 31(a)(1) and 45(a)(1)(A)(iii), *La Grange Family Health Center* is requested to produce the following discoverable information at the deposition: **Any and all medical records from 2010 to the present, including but not limited to, all medical files, radiographs, charts, reports, notes, writings, diagrams, forms, printouts, test results, prescriptions, referrals, lab results, and correspondence pertaining to Rebecca M. Musser, DOB: 10/30/1981.**

Respectfully submitted,

By:  /s/ Alicia Sienne Voltmer

Alicia Sienne Voltmer
Texas Bar No. 00797605
avoltmer@lwsattorneys.com
LILLARD WISE SZYGENDA PLLC
13760 Noel Road, Suite 1150
Dallas, Texas 75240
Telephone: (214) 739-2000
Facsimile: (214) 739-2010

**COUNSEL FOR DEFENDANT
PAUL QUINN COLLEGE**

## CERTIFICATE OF SERVICE

I certify that on March 2, 2018, a copy of Defendant's First Amended Notice of Deposition by Written Questions was served by e-mail on the following attorneys for Plaintiff, Rebecca Musser:

Robert (Bobby) Lee
Texas Bar No. 00787888
lee@l-b-law.com
Megan Dixon
Texas Bar No. 24079901
dixon@l-b-law.com
LEE & BRAZIEL, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010

Renee L. Barrett
STRYKER REPORTING
1452 Hughes, Suite 200
Grapevine, Texas 76051
Telephone: (817) 494-0700
Facsimile: (817) 494-0778
renee@strykerreporting.com

## DEPOSITION BY WRITTEN QUESTIONS

1. Please state your full name, occupation, and official title.

ANSWER:

2. Are you the custodian of records for *La Grange Family Health Center*?

ANSWER:

3. As part of your duties as custodian of records for *La Grange Family Health Center*, are you the custodian of the requested records?

ANSWER:

4. Have you been served with a subpoena for the production of records?

ANSWER:

5. Do you understand that the subpoena requests all records in your possession, custody, or control and is not limited to records relating only to the injuries/damages that form the basis of this lawsuit?

ANSWER:

6. Were the records made by *La Grange Family Health Center*?

ANSWER:

7. Were the records made at or near the time of the act, event, or matter identified in the records?

ANSWER:

8. Were the records made in the regular course of the business of *La Grange Family Health Center*?

ANSWER:

9. Were the records transmitted to your files, and did you maintain the records as part of your official duties as the custodian of records for *La Grange Family Health Center?*

ANSWER:

10. Please hand the originals or exact duplicates of the records to the notary public taking your deposition for photocopying and attachment to this deposition. Have you now given all the records to the notary public? If not, identify for the notary public the records and documents you did not produce and explain why you did not produce them.

ANSWER:

11. How long does *La Grange Family Health Center* maintain its files, and does *La Grange Family Health Center* ever destroy its files?

ANSWER:

12. Are you aware of any other entities or persons that may have possession of records relating to the subject matter of this lawsuit? If so, please identify that entity or person.

ANSWER:

13. Have you been requested or directed by any person to withhold or protect, for any reason, the records identified in the subpoena? Has any person suggested that you should withhold or protect the records identified in the subpoena? If so, please identify the person who conveyed this information to you and when that occurred.

ANSWER:

14. Do you know or have reason to believe that the records identified have in any manner been edited, purged, culled, deleted, or otherwise altered or removed? If so, please identify the records and why they were altered or removed.

ANSWER:

15. Will copies of the records identified in these questions be attached to your responses?

ANSWER:


_____
Custodian of records for
*La Grange Family Health Center*


Sworn   to   and   subscribed   before   me   by   _____   on _____, 2018.


_____
Notary Public in and for the State of Texas
County of   _____
My commission expires: _____

**From:** "Elliott, Regina (04380)" <regina.elliott@rhmr.com>
**Date:** March 16, 2015 at 2:50:03 PM CDT
**To:** 'Rebecca' <RebeccaMusser1@yahoo.com>
**Subject:** RE: Citi update, Texas Needs

I bubbled your information up to my Galleria teammates, for consideration for UNT opportunities.  They got back to me and said the only roles they still have open are contract-to-hire, which I know you are not interested in considering.  I submitted your resume to CITI group, and am waiting for feedback.

**From:** Rebecca [mailto:RebeccaMusser1@yahoo.com]
**Sent:** Sunday, March 15, 2015 11:39 PM
**To:** Elliott, Regina (04380)
**Subject:** Re: Citi update, Texas Needs

Hi Regina,

I am interested in the Citi position.  I am also interested in speaking with someone about the opportunity at UNT.   I changed my travel arrangements to be available tomorrow and Tuesday for any potential interviews or screening processes.

Thank you,
Rebecca M. Musser
(214) 254-0228

Sent from my iPhone

On Mar 13, 2015, at 12:11 PM, "Elliott, Regina (04380)" <regina.elliott@rhmr.com> wrote:

> 40 hours per week, and yes, there is potential for overtime at time and a
> half pay rate for OT.
>
> **From:** Rebecca [mailto:RebeccaMusser1@yahoo.com]

**EXHIBIT F**

MUSSER 000815

**From:** Rebecca Musser <rebeccamusser1@yahoo.com>
**Date:** October 28, 2014 at 7:40:31 PM CDT
**To:** "Varian, Karina (04380)" <karina.varian@rhmr.com>
**Subject: Re: Interview Confirmation - Robert Half Management Resources**
**Reply-To:** Rebecca Musser <rebeccamusser1@yahoo.com>

Hi Karina,

Attached is my most recent resume.  I will bring the reference form in with me or send in an email before our meeting.

I am looking forward to meeting with you tomorrow.

Thanks,
Rebecca M. Musser

On Monday, October 27, 2014 2:04 PM, "Varian, Karina (04380)" <karina.varian@rhmr.com> wrote:

Good afternoon Rebecca

It was a pleasure speaking with you today. Further to our conversation, please see your interview confirmation below.  Please bring two forms of ID with you, either a valid passport or a driver's license and SSN.

**Date:  Wednesday, 27th October 2014**
**Time: 11:00 am**

**Location:**
Dallas, Downtown Office
2001 Ross Avenue
Trammell Crow Centre

**EXHIBIT G**

MUSSER 000831

**From:** "Elliott, Regina (04380)" <regina.elliott@rhmr.com>
**Date:** October 30, 2014 at 12:46:05 PM CDT
**To:** "'RebeccaMusser1@yahoo.com'" <RebeccaMusser1@yahoo.com>
**Cc:** "Varian, Karina (04380)" <karina.varian@rhmr.com>
**Subject: Sample Project Profile Letterhead**


Rebecca,
Please complete the attached consultant profile, and email back to me.  I will use
this profile format to submit you to our clients.
-Regina


**Regina Elliott**
VP, Senior Resource Manager
214.220.2982   214.922.9833 fax
Connect with us: LinkedIn | Facebook | Twitter | YouTube | Google+

**Robert Half Management Resources** | 2001 Ross Ave | Suite 3500 | Dallas | TX 75201 USA |
roberthalfmr.com



**EXHIBIT H**

MUSSER 000837

**From:** Rebecca Musser <rebeccamusser1@yahoo.com>
**Date:** March 8, 2017 at 4:31:42 PM CST
**To:** "Elliott, Regina (04380)" <regina.elliott@rhmr.com>
**Subject:** Re: updated resume
**Reply-To:** Rebecca Musser <rebeccamusser1@yahoo.com>

Hi Regina,

Attached please find my resume that touches more on the documentation side for 7-11.  The resume is currently on legal paper.  If you would like it fit on letter, feel free to make any changes that you see fit.

In regards to specifics or examples on the documentation, I am not quite sure how you would like me to go about adding those.  I wrote several memos as it related to complex accounting treatment for items like deferred revenue retainer fees, investment accounts, and incentive accruals.

Please let me know if you have any questions or would like me to revise anything.  I am the most interested in the 7-11 documentation position.

Thanks,
Rebecca M. Musser


On Wednesday, March 8, 2017 10:07 AM, "Elliott, Regina (04380)" <regina.elliott@rhmr.com> wrote:


Please send updated resume.
-Regina

**Regina Elliott**
VP, Senior Resource Manager
214.220.2982   214.922.9833 fax

**EXHIBIT I**

MUSSER 000847