IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REBECCA MUSSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PAUL QUINN COLLEGE, ) | |
| ) | |
| Defendant. ) | Civil Action No. 3:17-CV-2166-C |

## ORDER

On this day, the Court considered:

(1) Defendant's Motion to Compel Discovery Responses, filed April 20, 2018; and

(2) Plaintiff's Response, filed May 11, 2018.

Having considered the foregoing, the Court is of the opinion that the Motion should be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This civil action arises from Plaintiff Rebecca Musser's termination in 2014. Musser, a former employee of Defendant Paul Quinn College (PQC), reported PQC's chief operating officer to the college's president in 2011 for alleged violations of federal and state law. Musser alleges that she was placed on administrative leave shortly after this report and was ultimately terminated in August 2014; she has asserted a single claim for retaliation under the False Claims Act. PQC denies any retaliation; it contends that Musser was terminated due to a legitimate restructuring of her position and that Musser filed the report of alleged illegal activity in 2011 only after she was informed that her position would be eliminated at the end of the year.

## II. STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). A party opposing discovery on the basis that it is overbroad and unduly burdensome bears the burden of showing why discovery should be denied. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003).

## III. DISCUSSION

### A. Plaintiff's Objections to Certain Discovery Requests

PQC first complains that Musser has impermissibly objected to one interrogatory and twenty-six requests for production on the grounds that they ask for information "relating to" certain matters. Musser takes issue with what she views to be vague and ambiguous phrases in PQC's discovery requests, such as "relating to." The Court notes that PQC's discovery requests specifically define the terms "regard," "regarding," "relate to," and "relating to," and Musser has

2

not cited a single authority from within the Fifth Circuit holding that such phrases are impermissibly vague as a matter of law. Musser's objection on this issue is **OVERRULED**.

PQC further complains that Musser has asserted boilerplate objections to five interrogatories and twenty-eight requests for production without providing specific explanations as to why the discovery is objectionable. The Court disagrees that *all* of the objections identified in Part C of Defendant's Motion are generic or impermissible for the reasons set forth in Musser's Response. The Court will not make rulings on thirty-three different objections based only on PQC's global assertion that these objections include improper, boilerplate language. The Court will, however, rule on Musser's objections to the specific discovery requests identified by PQC's Motion to Compel *See Infra*, Part C.

### B. Plaintiff's Failure to Provide a Privilege Log

Next, PQC claims that Musser has asserted attorney-client privilege with respect to sixteen requests for production but that she has refused to state whether any responsive documents are being withheld pursuant to the privilege or provide a privilege log. Musser responds that she will not produce communications between herself and her counsel and that she is not withholding any other documents based on the attorney-client privilege. Based on Musser's response that she is not withholding any documents pursuant to privilege other than attorney-client communications (which are clearly not discoverable), the Court is of the opinion that PQC's concerns should be satisfied and that no privilege log is necessary.

### C. Plaintiff's Answers to Certain Discovery Requests

Finally, PQC seeks to compel specific answers and responses to the following discovery requests (to which Musser has asserted objections):

3

1. Interrogatory No. 9: Identify by amount and type (e.g., back pay) the damages you seek to recover in this lawsuit, including in your answer any "special damages" you seek.

2. Request for Production No. 12: All documents regarding, concerning, or otherwise relating to the reason for any period of unemployment subsequent to your separation of employment from Defendant. This includes a request for all medical records, notes, or letters evidencing a medical reason for your inability to gain or maintain employment.

3. Request for Production No. 20: Copies of all attorneys' fee invoices for this matter, redacted for attorney-client privilege.

4. Request for Production No. 22: All documents regarding your contention in Paragraph 7 of your Complaint that "Defendant intentionally and willfully violated the FCA by discriminating against Plaintiff because of her engagement in protected activity under the FCA."

5. Request for Production No. 30: Copies of any documents related to any "special damages" you seek to recover in this lawsuit.

6. Request for Production No. 39: All documents that relate to or concern your communication you had with the law firm formerly known as Bickel and Brewer during its investigation of your complaint against Defendant and/or Owens.

7. Request for Production No. 42: Any photographs of Defendant, Owens, or any documents related to any allegations in your Complaint.

The Court is of the opinion that Musser's objections should be **OVERRULED** and that the Motion to Compel should be granted with respect to Interrogatory No. 9 and Request for Production No. 30 because these discovery requests do not involve clearly privileged information, are relevant, are not overly broad or ambiguous, and are proportional to the needs of the case. Musser is directed to respond to these discovery requests accordingly. The Court is further of the opinion that Musser's objections should be **SUSTAINED** and that the Motion to Compel should be denied with respect to Requests for Production 12, 20, 22, 39, and 42 for the reasons argued by Musser in her discovery responses and Response to the Motion to Compel.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART** as set forth above. Specifically, relief is **GRANTED** to the extent that Musser's objection on the issue of allegedly vague phrasing (i.e. "relating to") and Musser's objections to Interrogatory No. 9 and Request for Production No. 30 are **OVERRULED**. Musser is ordered to fully produce all responsive discovery consistent with these rulings on or before 3:00 p.m. on June 4, 2018. All other relief requested by the Motion is **DENIED**.

Counsel for both parties are reminded that all attorneys practicing before the Northern District of Texas must strictly comply with the mandates set forth in *Dondi Properties Corporation v. Commerce Savings & Loan Association*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc) (per curiam). Counsel are cautioned that they are expected to cooperate with each other as professionals in litigating this case and should make every effort to amicably resolve any future discovery issues on their own without the need for court intervention, if at all possible.

SO ORDERED this 21st day of May, 2018.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE